UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY L. HENCE, JR.,

    Plaintiff,

v.

THE STATE OF MICHIGAN,
WAYNE COUNTY CIRCUIT COURT,
and JUDGE ULYSSES W. BOYKIN,

    Defendants.
_____/

CASE NO. 16-14046
HONORABLE NANCY G. EDMUNDS

## ORDER OF DISMISSAL

### I. Introduction

Henry L. Hence, Jr. ("Plaintiff") has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff is a state prisoner at the Ionia Correctional Facility in Ionia, Michigan. He has been convicted of first-degree murder, Mich. Comp. Laws § 750.316, and conspiracy to commit first-degree murder, Mich. Comp. Laws § 750.157a, and is serving two concurrent sentences of life imprisonment. The Michigan Court of Appeals affirmed Plaintiff's convictions on direct appeal, *People v. Hence*, 312 N.W.2d 191 (Mich. Ct. App. 1981), and Plaintiff's motions for a new trial were denied. His petition for the writ of habeas corpus also was denied. *See Hence v. Smith*, 37 F. Supp.2d 970 (E.D. Mich. 1999).

Plaintiff filed his current complaint on November 14, 2016. The defendants are the State of Michigan, the Wayne County Circuit Court, and Wayne County Circuit

Judge Ulysses W. Boykin. Plaintiff sues the defendants in their official capacities for a declaratory judgment.

Plaintiff claims to have newly discovered evidence proving that he is actually innocent of the crimes for which he is incarcerated. He contends that, when he attempted to bring this issue to the state court's attention in a motion for relief from judgment, the trial court's successor (Judge Boykin) ignored the issue, as well as many other issues, and violated his rights under state and federal law. Plaintiff seeks a declaratory judgment stating that the defendants have deprived him of his right to due process and equal protection of the law during post-conviction proceedings in state court.

## II. Legal Standard

A plaintiff must prove two elements to prevail on a claim under 42 U.S.C. § 1983: "(1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law." *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014). Pursuant to the Prison Litigation Reform Act of 1996, federal district courts must screen a prisoner's complaint and dismiss the complaint if it is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

"A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007). While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). In other words, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III. Analysis

Plaintiff's complaint is frivolous and fails to state a claim for a few reasons. First, the Eleventh Amendment bars suits against a state unless the state has consented to suit. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (*per curiam*). "The state of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004), and "Congress did not intend to abrogate the states' Eleventh Amendment immunity by passing section 1983." *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 383 (6th Cir. 1993) (citing *Quern v. Jordan*, 440 U.S. 332 (1979)). Further, Eleventh Amendment immunity

> is far reaching. It bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100–01, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984), by citizens of another state, foreigners or its

3

own citizens. *Hans v. Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890).

*Id.* at 381.  Thus, the State of Michigan is not a proper defendant here.

Second, a state court is not a "person" for purposes of § 1983. *Mumford v. Zieba*, 4 F.3d 429, 435 (6th Cir. 1993) (citing *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988)).  Consequently the Wayne County Circuit Court also is not a proper defendant here.

Finally, Plaintiff is not entitled to relief on the basis of his claim that Judge Boykin failed to comply with Michigan court rules and Supreme Court standards when he ruled on Plaintiff's motion for relief from judgment.  Plaintiff's present allegations are inextricably intertwined with Judge Boykin's order, and, as explained in *Hale v. Harney*, 786 F.2d 668 (5th Cir. 1986),

> litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits.  Nor is the principle stated limited to actions . . . which candidly seek review of the state court decree; it extends to others in which "the constitutional claims presented [in federal court] are inextricably intertwined with the state court's" grant or denial of relief. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 n. 16, 103 S.Ct. 1303, 1314-15 n. 16, 75 L.Ed.2d 206 (1983).  In such a case, "the District Court is in essence being called upon to review the state court decision.  This the District Court may not do." *Ibid*.  Judicial errors committed in state courts are for correction in the state court systems, at the head of which stands the United States Supreme Court; such errors are no business of [lower federal courts].

*Id.* at 690–91.

### IV.  Conclusion

For all the reasons given above, Plaintiff's complaint lacks an arguable basis in law and fails to state a plausible claim for which relief may be granted.  The Court therefore summarily dismisses the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and

28 U.S.C. § 1915A(b).  The Court also certifies that an appeal from this decision would be frivolous and could not be taken in good faith.  28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

                                                  s/ Nancy G. Edmunds
                                                  UNITED STATES DISTRICT JUDGE

Dated: December 5, 2016

## CERTIFICATION

I hereby certify that a copy of this Order was served upon the parties and/or counsel of Record on this 5th day of December, 2016 by regular mail and/or CM/ECF.

                                                  s/ Carol J Bethel
                                                  Case Manager